OPINION
{¶ 1} Appellant, David L. Pomeroy, appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court entered a judgment entry terminating the marriage between appellant and appellee, Karin J. Pomeroy.
 {¶ 2} The parties were married in 1998. There were no children born during the marriage. However, appellant had a daughter from a prior marriage. In June 2004, the parties separated due to their inability to get along. That same month, appellant filed for divorce. Appellee filed an answer and a counterclaim for divorce.
 {¶ 3} The trial court held a hearing, where both parties testified. Thereafter, the trial court ordered appellant to pay appellee a lump-sum spousal support payment of $3,500. In addition, the trial court divided the parties' marital property, which included equity in the marital residence. The trial court awarded appellant the marital residence and certain items of marital property, including: a truck, a horse trailer, and a shotgun. Appellant was ordered to pay appellee $10,000 for her share of the marital property.
 {¶ 4} Appellant has timely appealed the trial court's judgment entry to this court. Appellant raises two assignments of error. His first assignment of error is:
 {¶ 5} "The trial court erred, to the prejudice of appellant, in its award of spousal support to appellee."
 {¶ 6} The trial court has significant discretion to award spousal support to one of the parties in a domestic relations proceeding, provided the award is "`appropriate and reasonable.'"[1] The trial court's decision will not be reversed by a reviewing court unless the trial court abused its discretion.[2] "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[3]
 {¶ 7} The authority for a trial court to award spousal support is codified in R.C. 3105.18(B), which provides, in part:
 {¶ 8} "In divorce and legal separation proceedings, upon therequest of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." (Emphasis added.)
 {¶ 9} "Prior to the amendment of R.C. 3105.18(B) there was no requirement that spousal support be specifically requested in order for it to be awarded.[4] The new language of R.C.3105.18(B) however, expressly requires that spousal support be requested before it is awarded."[5]
 {¶ 10} In this matter, appellee requested spousal support in her answer and counterclaim. However, at trial, she withdrew her request for spousal support. The following colloquy occurred at trial:
 {¶ 11} "THE COURT: Is there a request for spousal support here?
 {¶ 12} "MR. HAWKINS [appellee's counsel]: No.
 {¶ 13} "MR. PASQUALONE [appellant's counsel]: If they're withdrawing that, Your Honor, I wouldn't be concerned.
 {¶ 14} "THE COURT: Okay.
 {¶ 15} "MR. PASQUALONE: I'll withdraw the question."
 {¶ 16} At the hearing, appellee's attorney specifically informed the court that appellee was not requesting spousal support. Moreover, when appellant's counsel characterized this statement as appellee withdrawing her prior request for spousal support, appellee's attorney did not object to this terminology. A client is bound by the actions of his or her attorney.[6]
Thus, appellee, through the actions of her attorney, withdrew her request for spousal support.
 {¶ 17} Additionally, we note that appellant specifically relied upon appellee's assertion that the spousal support request was withdrawn. Appellant refrained from presenting evidence as to why a spousal support award would not be appropriate in this case. The above colloquy occurred following an objection by appellee's counsel to a question of appellant regarding the cost of future health insurance. Specifically, appellant's counsel sought to introduce evidence of how much appellant would have to pay for health insurance after he was no longer covered by insurance through appellee's employer. Further, the record reveals that appellant has a daughter from a previous marriage. Presumably, had the spousal support request not been withdrawn, appellant would have presented evidence regarding his expenditures relating to health care, the costs of raising his daughter, and any other relevant factors pertaining to spousal support. However, he refrained from doing this due to his specific reliance on appellee's withdrawal of her spousal support request.
 {¶ 18} Appellee directs this court's attention to the fact that appellee requested spousal support in her answer and counterclaim. The Third Appellate District has addressed a similar situation.[7] In Riegel v. Riegel, the appellee requested spousal support in his counterclaim, but informed the court at the hearing that he was not requesting spousal support.[8] The Third District concluded that appellee's counterclaim was sufficient to permit the trial court entertain the spousal support issue.[9] The instant matter is distinguishable from the Riegel case on two points. First, in the case at bar, there was a specific withdrawal of the prior spousal support request. Second, the record in this case clearly demonstrates that appellant, in reliance on appellee's statements to the court, did not present evidence on the issue of spousal support.
 {¶ 19} The trial court abused its discretion in awarding spousal support when appellee withdrew her request for spousal support and, in reliance on that assertion, appellant did not introduce evidence on the spousal support issue.
 {¶ 20} Appellant's first assignment error has merit.
 {¶ 21} Appellant's second assignment of error is:
 {¶ 22} "The trial court erred, to the prejudice of appellant, in its division of marital property."
 {¶ 23} "In a domestic relations action, a trial court is given broad discretion in formulating its division of marital assets."[10] Thus, "[a] reviewing court is limited to determining whether a trial court abused its discretion in making a property division."[11]
 {¶ 24} Marital property includes "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both spouses during the marriage"[12] and "[a]ll income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."[13]
 {¶ 25} Appellant claims certain items should have been classified as separate, rather than marital, property.
 {¶ 26} Appellant claims his pickup truck was his separate property. He testified he purchased this truck prior to the marriage. However, during the marriage, the parties used a home equity loan to pay off the outstanding balance on the truck loan. When this occurred, the truck became marital property.[14]
 {¶ 27} Appellant claims a horse trailer was his separate property. However, appellee testified that the horse trailer was purchased during the marriage. She indicated that the trailer was also purchased with the money obtained through the home equity loan. Since the trailer was purchased during the marriage, it is marital property.[15]
 {¶ 28} Finally, appellant argues certain firearms are separate property. Appellant testified he owned several firearms. One of the firearms, a Benelli shotgun, was purchased during the marriage for $750. The other firearms were described by appellant as "old" and purchased prior to the marriage. No evidence was presented regarding the value of these "old" firearms. The trial court assessed a total value for all the firearms at $750. This amount was offset against appellant's remaining interest in the marital property. The Benelli shotgun was the only firearm that was marital property. However, the trial court's valuation of $750 for all the firearms is consistent with the purchase price of the Benelli firearm. Presumably, the trial court did not place a value on the other firearms, as they were separate property.
 {¶ 29} The trial court did not abuse its discretion in its division of the marital property.
 {¶ 30} Appellant's second assignment of error is without merit.
 {¶ 31} The judgment of the trial court is affirmed with respect to the property division. The judgment of the trial court regarding spousal support is reversed. This matter is remanded to the trial court to vacate its award of spousal support.
Ford, P.J., Rice, J., concur.
[1] Bandish v. Bandish, 11th Dist. No. 2002-G-2489,2004-Ohio-3544, at ¶ 14, citing Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at *6.
[2] Jenkins v. Jenkins, 11th Dist. No. 2002-P-0121,2004-Ohio-3332, at ¶ 42, citing Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67.
[3] (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
[4] McLaughlin v. McLaughlin (1986), 30 Ohio App.3d 242,243.
[5] Vincent v. Vincent (Nov. 6, 1991), 9th Dist. No. 15016, 1991 Ohio App. LEXIS 5301, at *4-5.
[6] See GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 152, quoting Link v. Wabash R.R. Co. (1962),370 U.S. 626, 633-634.
[7] Riegel v. Riegel (Sept. 30, 1998), 3d Dist. No. 14-98-06, 1998 Ohio App. LEXIS 4977.
[8] Id. at *3-5.
[9] Id.
[10] Jenkins v. Jenkins, 11th Dist. No. 2002-P-0121,2004-Ohio-3332, at ¶ 26, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348.
[11] Id., citing Holcomb v. Holcomb (1989), 44 Ohio St.3d 128
and Kampf v. Kampf (May 3, 1991), 11th Dist. No. 90-A-1503, 1991 Ohio App. LEXIS 1990, at *6-7.
[12] R.C. 3105.171(A)(3)(a)(i).
[13] R.C. 3105.171(A)(3)(a)(iii).
[14] Id. See, also, e.g., Ray v. Ray, 9th Dist. No. 03CA0026-M, 2003-Ohio-6323, at ¶ 8.
[15] R.C. 3105.171(A)(3)(a)(i).