[Cite as *Williams v. Williams*, 2014-Ohio-1044.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SUSAN WILLIAMS | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2013CA00107 |
| RAYMOND WILLIAMS, ET AL. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Domestic Relations
                             Division, Case No. 2010-DR-1275


JUDGMENT:                    Affirmed in part, Reversed in part and
                             Remanded

DATE OF JUDGMENT ENTRY:      March 17, 2014


APPEARANCES:


For Plaintiff-Appellant              For Defendant-Appellees

STANLEY R. RUBIN                     LAURA L. MILLS
437 Market Avenue North              RAYMOND T. BULES
Canton, Ohio 44702                   Mills, Mills, Fiely & Lucas, LLC
                                     101 Central Plaza South
                                     600 Chase Tower
                                     Canton, Ohio 44702

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Susan Williams ("Wife") appeals the February 4, 2013 Judgment Entry and the May 21, 2013 Judgment Entry Decree of Divorce entered by the Stark County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Raymond F. Williams ("Husband").

STATEMENT OF THE FACTS AND CASE[1]

{¶2} The parties to this appeal were married in 1991. Wife filed her complaint for divorce in October, 2010, requesting, in part, temporary and permanent spousal support. Pursuant to agreement of the parties, Husband was ordered to pay Wife $4,200.00 per week as temporary support, pending a full hearing. The full hearing began in November, 2010, and was completed in January, 2011. Via Judgment Entry Temporary Orders filed March 14, 2011, the trial court ordered Husband to pay Wife $50,000.00 per month as temporary spousal support.

{¶3} Husband filed a motion to reconsider two days later, which the trial court denied. Because of the retirement of the original trial court judge, a new judge was assigned to the case. Prior to the assignment of the new judge, Husband requested the trial court vacate its March 14, 2011 temporary orders. Such request was denied but the trial court, sua sponte, vacated the original trial court judge's denial of Husband's motion to reconsider the March 14, 2011 Order, and set the matter for further hearing.

---

[1] We draw our Statement of the Case largely from Wife's brief. Husband's brief did not contain a Statement of the Case.

{¶4} On December 19, 2011, the trial court retroactively lowered Husband's temporary spousal support obligation from $50,000.00 per month to $4,750.00 per month for 2011, and to $3,800.00 per month for 2012.

{¶5} On March 28, 2011, Husband filed an answer and his counterclaim for divorce. Wife filed her answer the next day. Nothing in Wife's answer requested spousal support. On April 4, 2011, Wife filed her amended complaint, repeating her request for temporary and permanent spousal support.

{¶6} Discovery proceeded. Trial commenced on January 7, 2013, and concluded on January 11, 2013. Immediately prior to the start of trial, Wife dismissed her complaint and amended complaint. The case proceeded on Husband's counterclaim alone.

{¶7} On February 4, 2013, the trial court issued a Judgment Entry, finding Wife's testimonial request for permanent spousal support was insufficient to invoke the trial court's jurisdiction to order it pursuant to R.C. 3105.18(B).

{¶8} On May 21, 2013, the trial court filed its Judgment Entry Decree of Divorce. The trial court subsequently issued its Findings of Fact and Conclusions of Law on June 17, 2013.

{¶9} It is from the trial court's February 4, 2013 Judgment Entry, and its March 21, 2013 Judgment Entry Decree of Divorce, Wife prosecutes this appeal, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED IN FINDING THAT IT LACKED JURISDICTION TO AWARD SPOUSAL SUPPORT UNDER R.C. 3105.18, EVEN

THOUGH SUSAN REQUESTED IT AT TRIAL AND IT WAS AN ISSUE DURING THE ENTIRE PENDENCEY OF THE CASE.

{¶11} "II. THE TRIAL COURT ERRED IN REFUSING TO EXTEND THE DISCOVERY DEADLINE TO ALLOW RAYMOND'S DEPOSITION, WHICH HAD BEGUN PRIOR TO THE DEADLINE, TO BE COMPLETED.

{¶12} "III. THE TRIAL COURT ERRED IN ACCEPTING THE EQUITY VALUE OF RAYMOND'S BUSINESS INSTEAD OF ITS FAIR MARKET VALUE."

I

{¶13} Herein Wife maintains the trial court erred in finding it had no jurisdiction to award her spousal support. We agree.[2]

{¶14} R.C. 310518(B) governs spousal support. It provides, in pertinent part:

{¶15} "[in] divorce and legal separation proceedings, upon the request of either party... the court of common pleas may award reasonable spousal support to either party."

{¶16} We note the statute does not specify the request must be in writing. As noted supra, immediately before trial commenced, Wife dismissed her complaint for divorce wherein she had requested an award of spousal support. However, on the last day of trial, Wife was asked on direct examination if she was requesting an award of permanent spousal support. Wife responded, "Yes." Tr. Vol. 5, p. 196, lines 16-18.

{¶17} The issue presented to this Court is whether Wife's oral request for spousal support made during trial satisfies R.C. 3105.18(B). The trial court concluded it

---

[2] Husband asserts the standard of review to be employed by this Court in reviewing this assignment of error is abuse of discretion. Appellee's brief at p. 4-6. We disagree and find the question presented is purely a legal one involving the trial court's jurisdiction. We review this assignment of error *de novo*.

did not, relying, in large part, on this Court's opinion in *Gordon v. Gordon*, 5th Dist., 2009-Ohio-177. We find such reliance misplaced.

**{¶18}** In *Gordon*, the husband filed for divorce. His wife lived in Illinois. She did not file an answer to husband's complaint nor did she appear for trial. The trial court did not award the wife spousal support.

**{¶19}** On appeal, the wife in *Gordon* claimed the trial court erred in not awarding her spousal support. This Court disagreed, noting wife did not file an answer to her husband's complaint for divorce requesting spousal support.

**{¶20}** While the trial court herein agreed with Wife there were differences between this case and *Gordon*, the trial court then specifically quoted the following portion of this Court's opinion in *Gordon*:

**{¶21}** "Upon review of Appellee's complaint, he did not request a determination of spousal support. Appellant did not file an answer to the complaint to make a request for a determination of spousal support. As such, because there was no request, the trial court could not have made the determination regarding spousal support."

**{¶22}** Immediately, thereafter, the trial court stated:

**{¶23}** "...it **appears** the Fifth Appellate District is restricting a request to be in a pleading and a testimonial request is not sufficient to confer jurisdiction on the court." (February 4, 2013 Judgment Entry at 4, unpaginated, emphasis added). We find the trial court misinterpreted our holding in *Gordon*.

**{¶24}** *Gordon* is significantly different from the instant case. In *Gordon* there was neither a written nor oral request for spousal support. It is clear Wife herein made an oral request for spousal support during trial.

**{¶25}** Although primarily relying on *Gordon* as the basis for its decision, the trial court also stated it relied on other appellate cases mentioned in its decision.

**{¶26}** Upon our review of the cases cited, we find none directly address the precise issue presented herein. All are distinguishable from this case and we find them unpersuasive to cause us to conclude Wife's oral request for permanent spousal support during trial was insufficient to invoke the trial court's authority to order it under R.C. 3105.18(B).[3]

**{¶27}** Some of the cases cited address whether a general claim for relief in a complaint, answer and/or counterclaim is sufficient to satisfy the requirement of a request for permanent spousal support under the statute. See *Mauser v. Mauser*, 11th Dist. 2000-P-0039; *Riegel v. Riegel*, 3rd Dist., 1998 WL 682268 (1988); *Woodland v. Woodlawn*, 7th Dist. 2007-Ohio-3503; and *Vincent v. Vincent*, 9th Dist., No. 15016 1991 WL 231563 (1991). One case involved a wife's specific withdrawal of her request for spousal support. *Pomeroy v. Pomeroy*, 11th Dist., 2006-Ohio-5833. None address the specific question presented in this case.

**{¶28}** Given the fact the issue of temporary spousal support had been highly contested from the commencement of the action, precipitated several hearings/reviews and resulted in three different temporary orders of varying significant amounts throughout the pendency of the action, it seems to us unlikely Wife's oral request for

---

[3] Husband's brief notes the trial court's judgment entry contained many cases but "None of these cases, or any others, supports the Appellants [sic] [Wife's] argument that under provision R.C. 3105.18 a court can order spousal support 'upon the request of either party' when the *only* request is in the form of the word 'yes' in answer to the question 'are you seeking permanent spousal support' on the last day of trial." (Appellee's brief at ps. 3-4). We agree. However, upon our review of the cases, none of the cases specifically held it does not.

spousal support at trial came much as a surprise to anyone. We find the trial court erred in finding it did not have jurisdiction to make an award of permanent spousal support.

{¶29} Wife's first assignment of error is sustained.

II

{¶30} In her second assignment of error, Wife asserts the trial court erred in refusing to extend the discovery deadline to allow Husband's deposition to be completed.

{¶31} As Wife duly notes in her brief, trial courts have broad discretion in regulating discovery. A trial court's decision concerning discovery will not be reversed in the absence of an abuse of discretion. An abuse of discretion is more than an error of law or judgment, the term implies the court's attitude is unreasonable, arbitrary or unconscionable.

{¶32} Wife's counsel began the deposition of Husband on August 22, 2012. Because of the unavailability of Husband's counsel, the scheduled start time for the deposition was delayed. The deposition was not completed prior to adjournment on that day. The trial court set the discovery cut off date as September 30, 2012.

{¶33} During oral argument, counsel for both parties asserted they made attempts to reschedule the completion of Husband's deposition, but asserted opposing counsel was responsible for the failure to do so. What both counsel at argument did agree on was the fact that there is nothing in the record before this Court to demonstrate why the deposition could not be completed between August 23, 2012, and September 30, 2012.

{¶34} Wife argues because the trial court granted her request to continue the trial until January, 2013, "there was little reason not to continue the discovery deadline..." (Appellant's brief at p. 15).

{¶35} We have reviewed the trial court's October 1, 2012 Judgment Entry "reluctantly" granting Wife's Motion to Continue the final hearing, and its two judgment entries, both filed on October 29, 2012, one of which denies Wife's Motion to Extend Discovery. It is unnecessary for us to repeat herein the reasons set forth by the trial court for denying extension of discovery while reluctantly granting continuance of the final hearing. Suffice it to say, we find the trial court's proffered reasons do not demonstrate it abused it discretion in overruling Wife's motion to extend discovery.

{¶36} Wife's second assignment of error is overruled.

III

{¶37} In her final assignment of error, Wife argues the trial court erred in assessing the value of Husband's business, US Technology Corporation, its subsidiaries, and divisions. We disagree.

{¶38} A trial court enjoys broad discretion in fashioning an equitable division of marital property. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 481-482, 450 N.E.2d 1140, 1141. To find an abuse of that discretion, the record must show more than an error of judgment on the trial court's part; the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.

{¶39} In order for this Court to review the allocation of property between parties to a divorce, the "trial court must indicate the basis for its award in sufficient detail to

enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." R.C. § 3105.171(G); *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. This includes assigning a value to the parties' major assets and debts. See, e.g. *Raff v. Raff,* Stark App. No.2004CA00251, 2005-Ohio-3348. Although the trial court's division of property is reviewed under an abuse of discretion standard, factual determinations such the value of the property subject to division are reviewed under a manifest weight of the evidence standard. *Brown v. Brown,* Pike County App. No. 02CA689, 2003-Ohio-304. Under this deferential standard, the trial court's classification of property will not be reversed if it is supported by some competent, credible evidence. *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989.

{¶40} As to valuation, while the experts used different methods of assessing the value of US Technology and their final figures did differ as a result, both experts were able to render opinions of value. The trial court extensively analyzed the methods of each with considerable explanations as to his acceptance and rejection of aspects thereof. We find the trial court's analysis, which is attached hereto and incorporated herein by reference as if fully rewritten, was thorough. We further find the trial court's decision to be supported by competent and credible evidence.

**{¶41}** Wife's third assignment of error is overruled.

**{¶42}** The judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part and remanded.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur