[Cite as *Patti v. Patti*, 2014-Ohio-1156.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN A. PATTI, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-P-0048** |
| SANDY C. PATTI, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Domestic Relations Division, Case No. 2012 DR 00483.

Judgment: Affirmed.

*Jonathan P. Jennings,* 223 West Main Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Stephen Daray,* North Point Tower, Suite 1720, 1001 Lakeside Avenue, Cleveland, OH 44114 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, John A. Patti, appeals the Judgment Entry Decree of Divorce, issued by the Portage County Court of Common Pleas, Domestic Relations Division, terminating his marriage to defendant-appellee, Sandy C. Patti, and awarding her spousal support. The issues before this court are whether a court may order spousal support in favor of a spouse whose counterclaim for legal separation is denied; whether a spousal support award of $1,150 per month is equitable where the obligor-

spouse's projected gross income is $56,062.08; and whether an indefinite award of spousal support is proper where the court retains jurisdiction to modify the award. For the following reasons, we affirm the decision of the court below.

{¶2} On October 9, 2012, John filed a Complaint for Divorce (without Minor Children) against Sandy, in the Portage County Court of Common Pleas, Domestic Relations Division.

{¶3} On October 22, 2012, Sandy filed an Answer and Counterclaim for Legal Separation, Spousal Support, Attorney Fees, and Other Equitable Relief.

{¶4} On February 27, 2013, the domestic relations court entered a Judgment Entry, finding that "the parties reached a full agreement regarding the distribution of the parties' marital assets and debts." The court further found that "the sole remaining outstanding issue in this matter is the issue of spousal support."

{¶5} On April 8 and 18, 2013, trial was held in the domestic relations court on the issue of spousal support, and on the grounds for terminating the marriage.

{¶6} On April 19, 2013, the domestic relations court issued a Judgment Entry Decree of Divorce. The court granted John a divorce based upon the grounds of gross neglect of duty and denied Sandy's counterclaim for legal separation.

{¶7} The domestic relations court ordered John to pay Sandy spousal support in the amount of $1,150 per month, commencing May 1, 2013. The support obligation would terminate "at Plaintiff's death, Defendant's remarriage, cohabitation or death, whichever occurs first," and the court "retain[ed] jurisdiction over the issue of spousal support."

2

**{¶8}** Relative to the issue of spousal support, the domestic relations court made the following findings, pursuant to R.C. 3105.18(C)(1)[1]:

(a)   The income of the parties, from all sources, * * *: Plaintiff's income through March 31 from his employment at Harbison-Walker is $19,846.50[.] * * * Plaintiff's anticipated total 2013 gross income is $56,062.08. Plaintiff's 2012 income was in the amount of approximately $53,000.00 to $55,000.00 * * *. Plaintiff's 2011 income was $52,490.05 * * *. Plaintiff's 2010 income was $41,644.70 * * *. Plaintiff's 2009 income was $43,860.59 * * *. Plaintiff's 2008 income was $47,008.02 * * *. Plaintiff's 2007 income was $40,394.00. Defendant is not employed outside the home. Defendant has not been employed outside the home since approximately 2010. Since that time, she has been receiving Social Security and/or Social Security benefits in the annual amount of approximately $9,720.00.

(b)   The relative earning abilities of the parties: Plaintiff is currently employed at his relative earning ability. Based upon Defendant's current physical health, it is not anticipated that she will be able to become reemployed outside the home.

(c)   The ages and physical, mental, and emotional conditions of the parties: Plaintiff is 60 years old and is in excellent health. Defendant is 65 years old and has many physical issues. As a result of a 1996 industrial accident, Defendant sustained 2 herniated discs at L-4 and L-5. As a

---

1.  Factors for which no findings were made were either not applicable or the parties did not submit evidence at trial relative to those factors.

result of her March 24, 2010 automobile accident, Defendant sustained a compression fracture at T-6, an injury to her foot, a significant head injury, exacerbation of her prior lower back injury and an injury to the L-3 area of her back. Defendant currently suffers from significant pain in her back, exacerbated claustrophobia, foot and leg pain. She takes some prescription medication.

(d) The retirement benefits of the parties: [Plaintiff's Harbison-Walker pension, valued at $105,000, and 401(K)/Roth IRA, liquidated for approximately $44,000, were divided evenly between the parties.]

(e) The duration of the marriage: The parties have been married for a period of approximately 21 years.

* * *

(h) The relative extent of education of the parties: Plaintiff received his associate's degree in accounting in 1972. He has not taken any courses to keep his associate's degree up to date or active. No evidence of Defendant's formal education was submitted to the Court; however, the Court finds that Defendant previously worked in an office setting and performed duties including, but not limited to, secretarial and office management. Defendant also has experience in the photography and the cake making/decorating fields.

(i) The relative assets and liabilities of the parties * * *: [Plaintiff was awarded marital debt in the amount of $10,970. Plaintiff was awarded a residence with an approximate value of $91,000 and an outstanding

4

mortgage of $33,000. Defendant was awarded a residence with an approximate value of $41,000 and an outstanding mortgage of $21,000. Defendant was awarded the net proceeds of $84,000 from her personal injury settlement.]

* * *

(n) Any other factor that the court expressly finds to be relevant and equitable: Plaintiff has paid Defendant's cable bill plus direct cash support of Five Hundred Dollars ($500.00) each month since the parties separated in July 2012. Defendant will incur the expense of Three Hundred Nineteen Dollars ($319.00) per month to obtain health and prescription coverage commensurate with the coverage she currently has through Plaintiff's [insurance] coverage.

**{¶9}** On May 20, 2013, John filed his Notice of Appeal. On appeal, John raises the following assignments of error:

**{¶10}** "[1.] The trial court committed prejudicial error in awarding defendant, SANDY C. PATTI, an order of spousal support from plaintiff, JOHN A. PATTI, pursuant to R.C. 3105.18, when the matter of spousal support was no longer before the court after denial of defendant's counterclaim for legal separation."

**{¶11}** "[2.] The trial court committed prejudicial error in awarding defendant, SANDY C. PATTI, an inequitable order of spousal support in the amount of $1,150.00 per month from plaintiff, JOHN A. PATTI."

**{¶12}** "[3.] The trial court committed prejudicial error in awarding defendant, SANDY C. PATTI, an indefinite order of spousal support from plaintiff, JOHN A. PATTI."

**{¶13}** In matters relating to spousal support, the "trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case." *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 24, 550 N.E.2d 178 (1990) ("[a] trial court has considerable but not unbridled discretion in fashioning sustenance alimony awards"). "A reviewing court," therefore, "cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." *Kunkle* at 67.

**{¶14}** In the first assignment of error, John argues it was error for the domestic relations court to award spousal support since it had denied Sandy's counterclaim for legal separation.

**{¶15}** "In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." R.C. 3105.18(B); *Pomeroy v. Pomeroy*, 11th Dist. Ashtabula No. 2005-A-0032, 2006-Ohio-5833, ¶ 9. Although the statute does not state how a request for spousal support is to be raised, the courts have generally held that such a request must be expressly made so that the party from whom support is sought is aware of the request. *Woodland v. Woodland*, 7th Dist. Belmont No. 06-BE-9, 2007-Ohio-3503, ¶ 6-21 (cases cited).

**{¶16}** John's position is that the "only written claim for relief in the pleadings" was contained in Sandy's counterclaim and, thus, "after denying defendant's

6

counterclaim there was no pending claim for spousal support before the court." We disagree.

{¶17} John cites no authority for the proposition that a request or claim for spousal support, raised in an answer/counterclaim, may not be awarded when the counterclaim is denied. The statute provides that spousal support may be awarded when requested by a party without any requirement that the party be the prevailing party on the merits. In the present case, Sandy requested spousal support as part of her answer and counterclaim and consistently "pray[ed]" that such relief be granted through trial. The merits of her claim for support did not depend on the merits of her claim for legal separation.

{¶18} The first assignment of error is without merit.

{¶19} In the second assignment of error, John argues the award of spousal support is inequitable, in that it increases Sandy's total annual income to $23,520, while it reduces his annual income, after tax withholding, to "less than $30,769.35." Although John concedes that "this appears to be in plaintiff's favor," when each party's monthly expenses are taken into account, John's "net disposa[b]l[e] income [is] $557.33 [per month], barely half of defendant's [net disposable income of] $1,042.37." John further argues that this basic inequality is exacerbated by the fact that his retirement is being evenly divided, while Sandy retained the full benefit of her personal injury settlement.

{¶20} We find no abuse of discretion. John's pre-tax annual income, adjusted to reflect the payment of spousal support, is approximately $42,262, still significantly more than Sandy's annual income. John's argument that the result is inequitable relies on tax liabilities and monthly expenses. John fails to account for the fact that spousal support

7

is taxed as part of the recipient's, rather than the payor's, income. The disparity in amounts owed for rent and utilities, $917.63 for Sandy and $1,491.00 for John, are not so great as to render the spousal support award unreasonable or unconscionable.

{¶21} John also relies on the purportedly inequitable division of property. Such reliance, however, is unavailing. The property division in the present case was agreed to by both parties with full knowledge that the issue of spousal support remained to be litigated. John cannot properly claim that the division of property renders the support award unreasonable. Moreover, the division of property is not particularly inequitable. Sandy was awarded the full amount of her personal injury settlement, but these funds were, by statutory definition, her separate property. R.C. 3105.171(A)(6)(a)(vi). While John was awarded the parties' consumer debt in the amount of $10,970, he was also awarded a residence with $58,000 in equity, in contrast to Sandy's residence which had, at the time of divorce, only $20,000 in equity.

{¶22} The second assignment of error is without merit.

{¶23} In the third assignment of error, John argues that the indefinite award of spousal support was unreasonable, despite the retention of jurisdiction, since the award is essentially unmodifiable under the *Mandelbaum* standard. The Ohio Supreme Court in *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, held that a trial court may only exercise its jurisdiction to modify an award of spousal support where there was a substantial change of circumstances that "was not contemplated at the time of the original decree." *Id.* at paragraph two of the syllabus.

{¶24} John's contention regarding the inalterability of the spousal support award in the present case is belied by the provision of the Revised Code which states that, for

8

the purposes of modifying spousal support, "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, * * * so long as * * * [t]he change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable." R.C. 3105.18(F)(1)(b). In the present case, John's retirement was not taken into account as a basis for the existing award. The possibility of John working until age 66, the factory being closed, and alternative employment opportunities were acknowledged as future contingencies justifying a modification of the award. There was no testimony as to what John's income might be upon retirement. Accordingly, any substantial change in John's income upon retirement could serve as a legitimate basis for modifying the award, as the court did not, and could not have, taken such a change into account as a basis for the award.

{¶25} The third assignment of error is without merit.

{¶26} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to be taxed against the appellant.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

9