[Cite as *Curry v. Curry*, 2017-Ohio-8127.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CANDICE CURRY, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-07-136 |
| | : | O P I N I O N |
| - vs - | | 10/9/2017 |
| | : | |
| JAMES CURRY, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 15-06-0445


Candice Curry, 3730 East Michelle Street, Idaho Falls, ID 83401, plaintiff-appellee, pro se

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, James Curry ("Husband"), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, dividing marital property and awarding him spousal support after his divorce from plaintiff-appellee, Candice Curry ("Wife").

{¶ 2} Husband and Wife were married in 1989, and separated in 2015. The children

born issue of their marriage are now emancipated. Husband is 15 years older than Wife, and Husband had been a stay-at-home father since he was laid off from his engineering job in 2002. Before he was laid off, Husband earned $130,000 yearly. Wife went back to work once Husband began staying with the children, and at the time of the hearings, she earned approximately $30,000 a year.

{¶ 3} While the parties stipulated several issues regarding their divorce, they also litigated unresolved issues including property division and spousal support. The trial court heard evidence that after Husband was laid off, he filed claims for whistleblower protection and age discrimination and was awarded a $275,000 settlement, which was paid over two years in 2004-2005.

{¶ 4} Husband had multiple IRA accounts, one of which contained $150,836.20 at the time of the separation. The trial court ordered Husband to pay Wife $63,536.87 as her half of the marital portion of this IRA. Husband had another IRA account, valued at $75,139.04, and Wife was awarded $37,569.52. Conversely, Wife had a 401(k) account worth $10,930.43, and Husband's portion was offset against Wife's award of marital funds.

{¶ 5} Husband was allocated $51,138.98 of the couple's marital debt while Wife was allocated $59,882.87. Husband was awarded the marital home, and is responsible for the mortgage remaining on the property. The trial court ordered Husband to pay Wife her one-half equity in the home, and also ordered Wife to pay Husband $1 per month in spousal support.

{¶ 6} Husband now appeals the trial court's decision regarding the division of marital property and spousal support, raising the following assignments of error. Given that Husband raises essentially the same arguments for both assignments of error, we will address them together.

{¶ 7} Assignment of Error No. 1:

- 2 -

{¶ 8}   THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN THE DIVISION OF MARITAL PROPERTY

{¶ 9}   Assignment of Error No. 2:

{¶ 10}   THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN THE AMOUNT AND DURATION OF A SPOUSAL SUPPORT AWARD.

{¶ 11}   Husband argues in his assignments of error that the trial court abused its discretion in dividing the marital property and awarding him $1 per month in spousal support.

{¶ 12}   The trial court is given broad discretion in fashioning a property or debt division and will not be reversed absent an abuse of discretion.  *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54.  More than mere error of judgment, an abuse of discretion requires that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13}   Property division in a divorce proceeding is a two-step process including classifying the property as marital or separate and then dividing it.  *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11. After classifying the property as separate or marital, "the court shall disburse a spouse's separate property to that spouse" and divide the marital property equally.   R.C. 3105.171(C)(1) and (D).  However, if the court finds an equal division inequitable, then the court must divide the property in a manner it determines equitable.  R.C. 3105.171(C)(1).

{¶ 14}   When dividing the property, the court shall consider the factors set forth in R.C. 3105.171(F), which include:

> (1)  The duration of the marriage;
>
> (2)  The assets and liabilities of the spouses;
>
> (3)  The desirability of awarding the family home, or the right to

reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

(4) The liquidity of the property to be distributed;

(5) The economic desirability of retaining intact an asset or an interest in an asset;

(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

(9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;

(10) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 15} Similarly, a trial court determines whether to award spousal support, as well as the amount and duration of such an award. R.C. 3105.18(B). A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and a trial court's award of spousal support will not be disturbed absent an abuse of discretion. *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 10.

{¶ 16} A trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Id.* According to R.C. 3105.18(C)(1), "the court shall consider" the statutory factors, such as income of the parties, earning abilities of the parties, ages, duration of marriage, standard of living, education of parties, and assets.

{¶ 17} The record indicates that the trial court divided Husband's IRA accounts equally and then awarded Husband $1 per month in spousal support. Essentially, Husband

argues that given his age and physical condition, it was not equitable to give Wife half of his IRA accounts and that he should be supported by Wife. However, we find that the trial court analyzed the factors noted above, and did not abuse its discretion by fashioning its order regarding property division and spousal support.

{¶ 18} Regarding the factors, Husband, who was 66 at the time he filed his brief with this court, suffers from venous insufficiency in his leg and also underwent hernia surgery. As a result, Husband cannot stand for long periods of time. However, Husband was able to work as a part-time motorcycle safety instructor earning $26 an hour. At the time of the hearings, Wife was 50 years old and had some physical issues, though she is able to work full time.

{¶ 19} Husband was awarded the marital residence and made the decision to keep the marital home despite both children being emancipated and despite the trial court warning Husband that he could not afford to maintain the residence. The record indicates that the parties, who were married for 26 years, had liabilities that far exceeded their assets and chose to fund their somewhat-lavish lifestyle though credit cards.[1] As a result, the parties were deep in credit card debt, and Wife was ordered to pay a larger share of the debt than Husband.

{¶ 20} The record also indicates that Wife had little to no retirement, and only has approximately 10-15 years to earn anything toward her retirement. The trial court found that Wife will likely be forced to work longer than expected because she does not have enough retirement saved, and that she is currently working to her potential while Husband is not.

{¶ 21} Husband chose not to return to work when he was laid off in 2002, even though the record indicates that he was offered a job after he was laid off. This is true

---

1. The record suggests that the parties may seek bankruptcy protection in the future.

despite Husband's past availability to earn approximately $130,000 per year as an engineer compared to Wife's income, which was $30,000 at the time of the hearing. Wife has a high school education while Husband has an advanced engineering degree, which contributes to the difference in earning ability of the parties.

{¶ 22} Husband was awarded his automobile, which was paid off, as well as motorcycles he owned. Husband also retained premarital assets totaling over $28,000, as well as stock and a life insurance policy. Given the distribution, Husband retained more net assets while Wife was ordered to pay more of the parties' unsecured debts.

{¶ 23} The record indicates that the trial court fully considered the evidence and testimony of the parties and weighed the requisite statutory factors before dividing property and ordering spousal support. We find no abuse of discretion in the trial court's decisions. Husband's two assignments of error are, therefore, overruled.

{¶ 24} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.