[Cite as *Evans v. Evans*, 2025-Ohio-1010.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| DANIEL RAY EVANS, | : | CASE NO. CA2024-07-097 |
| Appellee, | : | |
| | : | O P I N I O N<br>3/24/2025 |
| - vs - | : | |
| | : | |
| NICHOLAS ADAM EVANS, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR 2022 11 0792

Daniel Ray Evans, pro se.

Nicholas Adam Evans, pro se.

**SIEBERT, J.**

{¶ 1} Appellant, Nicholas Evans, appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, awarding spousal support to appellee, Daniel Evans, following the parties' divorce. Because Daniel withdrew his request for spousal support, and Nicholas relied on this withdrawal during their hearing,

the trial court did not have the authority under the relevant law to award spousal support to Daniel. We reverse the trial court's decision and remand this matter to it for resolution.

## Facts and Procedural History

{¶ 2} Nicholas and Daniel were married in 2017. They did not have or adopt children during the marriage. In November 2022, Daniel filed for divorce. In December 2022, Nicholas filed an answer and a counterclaim for divorce. Both Nicholas and Daniel requested spousal support in these filings.

{¶ 3} The divorce proceedings were contentious, involving multiple conferences, motions, and the exchange of discovery. The matter proceeded to a contested final hearing on April 4, 2023. At the hearing, Daniel was represented by counsel while Nicholas elected to proceed pro se. Both Nicholas and Daniel testified at the hearing and submitted various exhibits. At various times in the hearing, Nicholas and Daniel confirmed neither was seeking spousal support. Daniel's counsel submitted a proposed judgment entry and decree of divorce as Plaintiff's Exhibit 6, and the court admitted this evidence into the record. The parties agreed at the outset of the hearing that the terms of the proposed decree remained in dispute, although both parties agreed in the proposed decree that neither was seeking spousal support.

{¶ 4} After considering the evidence presented at the hearing, the trial court issued a judgment entry and decree of divorce on July 30, 2024. In its entry, the court (1) granted the divorce on the grounds of incompatibility, (2) divided the marital property between Daniel and Nicholas, (3) ordered Nicholas to pay Daniel a property equalization payment in the amount of $3,981.01, and (3) ordered Nicholas to pay Daniel $5.00 per month in spousal support until he paid the equalization payment in full.

{¶ 5} Regarding the trial court's spousal support award, the decree stated the

following:

> The court has considered the applicable factors under ORC 3105.18 and finds that after the division of assets and debt, a minimal award of spousal support is fair and equitable.
>
> [Nicholas] shall pay [Daniel] spousal support in the amount of $5.00 per month, effective August 1, 2024 to be paid with the ordered equalization payment ordered . . . .
>
> Spousal support shall terminate upon the remarriage of [Daniel] or [Daniel's] cohabitation in a marriage type relationship as defined by Ohio law or the full payment of the equalization amount . . . .
>
> The [trial court] hereby retains jurisdiction over the spousal support issues which includes the duration of spousal support and the amount of spousal support.

{¶ 6} Nicholas now appeals, raising a single assignment of error for our review.

## The Appeal

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING NICHOLAS ADAM EVANS TO PAY SPOUSAL SUPPORT TO DANIEL RAY EVANS AT FIVE DOLLARS PER MONTH UNTIL EQUALIZATION WAS PAID IN FULL.

{¶ 8} In his sole assignment of error, Nicholas argues the trial court erred by awarding Daniel spousal support because it did not consider the voluntary agreement between Nicholas and Daniel that neither would seek spousal support. His argument is well-taken.

### A. Standard of Review

{¶ 9} "A trial court has broad discretion in determining to award spousal support, as well as the amount and duration of such award, based on the facts and circumstances of each case." *Spillane v. Spillane*, 2020-Ohio-5052, ¶ 12 (12th Dist.), citing *Curry v. Curry*, 2017-Ohio-8127, ¶ 15 (12th Dist.). Absent an abuse of discretion, a spousal support award will not be disturbed on appeal. *Id.* Domestic relations matters must be

- 3 -

handled equitably, given the facts and circumstances of each case; these equitable and circumstantial concerns support reviewing such matters under the abuse of discretion standard. *See Porter v. Porter*, 2024-Ohio-1413, ¶ 12 (12th Dist.). An abuse of discretion "requires a finding that the trial court acted unreasonably, arbitrarily or unconscionably." *Oliver v. Oliver*, 2011-Ohio-6345, ¶ 15 (12th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} However, "[c]ourts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38-39. Therefore, we review a court's errors of law de novo, with further determination of whether that error was harmless. *See id.*

**B. Spousal Support Awards and R.C. 3105.18.**

{¶ 11} The authority for a trial court to award spousal support is codified in R.C. 3105.18(B). In relevant part, the statute provides that, "[i]n divorce . . . proceedings, *upon the request of either party* and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." (Emphasis added.).

{¶ 12} Prior to the 1991 amendment of R.C. 3105.18(B), the parties did not have to specifically request spousal support to receive an award of support. The current language of R.C. 3105.18(B), however, "expressly requires that spousal support be requested before it is awarded." *Neal v. Neal*, 1994 Ohio App. LEXIS 4777, *5 (12th Dist. Oct. 24, 1994), citing *Vincent v. Vincent*, 1991 Ohio App. LEXIS 5301, * 5 (9th Dist. Nov. 6, 1991). We must presume that the legislature specifically included the words, "upon the request of either party," for a reason. Where the language used in a statute is clear and unambiguous, we are to apply the statute "as written." *Karin v. Clark*, 2014-Ohio-1890, ¶ 20 (12th Dist.). Although the statute does not specify how a request for spousal support

is to be raised, "courts have generally held that such a request must be expressly made so that the party from whom support is sought is aware of the request." *Patti v. Patti*, 2014-Ohio-1156, ¶ 15 (11th Dist.), citing *Woodland v. Woodland*, 2007-Ohio-3503, ¶ 6-21 (7th Dist.).

{¶ 13} If a spousal support request is made and the court awards support, the trial court has a statutory duty to base the support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Gaffney v. Gaffney*, 2020-Ohio-5051, ¶ 10 (12th Dist.). Pursuant to that statute, the trial court is required to consider certain enumerated factors including, but not limited to, the income of the parties, earning abilities of the parties, ages, duration of marriage, standard of living, education of parties, as well as assets and liabilities of the parties. *McCarty v. McCarty*, 2017-Ohio-5852, ¶ 17 (12th Dist.). However, even if the trial court awards spousal support after balancing the factors of R.C. 3105.18(C), such an award is only appropriate if it was requested by one of the parties. R.C. 3105.18(B); *Theriot v. Hetrick*, 2020-Ohio-6995, ¶ 11, 27-33 (8th Dist.).

## C. Analysis

{¶ 14} Nicholas' single assignment of error claims the trial court abused its discretion when it failed to consider the parties' voluntary pretrial agreement not to seek spousal support. In support of his argument, Nicholas references the proposed agreement Daniel's attorney submitted as evidence in the hearing, as well as Nicholas' confirmation to the trial court that neither party will pay spousal support. Nicholas also includes the language of R.C. 3105.18 and argues the court did not adhere to the statutory requirements.

{¶ 15} The record is clear that Daniel and Nicholas each requested spousal support in pleadings filed at the beginning of the proceedings. Despite these initial requests for support, the record indicates that Daniel and Nicholas agreed, at some point

prior to the final hearing, not to pursue the spousal support issue. The proposed judgment entry and decree of divorce submitted as evidence by Daniel reflects their agreement, stating "neither party shall pay spousal support." In addition to this provision in the proposed decree, both Nicholas and Daniel discussed their decision not to pursue spousal support on the record to the trial court. Nicholas mentioned their agreement at the outset of the hearing, and Daniel confirmed his agreement during his testimony.

{¶ 16} Daniel and his counsel had the following exchange during his direct examination:

> Q: Okay. I think the last issue that we have here is that we agree that we don't want spousal support, right?
>
> A. No.
>
> Q: Okay, so we're not asking for spousal support, okay, and we're not asking the Court to retain jurisdiction. That means they can never issue it - - down the road, okay?
>
> A: Correct.
>
> The Court: That's by law.
>
> Q: Yeah, okay.

This exchange shows that despite Daniel's previous request for support, he withdrew this request before, or at, the hearing. It also confirms that the trial court acknowledged this withdrawal and clarified that the law would not permit it to award a subsequent request for support.

{¶ 17} Thus, the question before this court on appeal is whether Daniel's withdrawal of his request for spousal support statutorily barred the trial court from issuing such an award in the final decree of divorce. It did.

{¶ 18} Although this court has not addressed the question of whether a withdrawal of a previous support request bars the court from awarding support, other Ohio courts

have considered it. *See Riegel v. Riegel*, 1998 Ohio App. LEXIS 4977, *3-4 (3d Dist. Sept. 30, 1998); *Pomeroy v. Pomeroy*, 2006-Ohio-5833, ¶ 10-19 (11th Dist.). We are particularly persuaded by the court's analysis in *Pomeroy*.

**{¶ 19}** In *Pomeroy*, the Eleventh District reversed a trial court's decision awarding spousal support to the wife. The appellate court found that, although the wife had requested spousal support in her answer and counterclaim, she later withdrew that request at trial through statements made by her counsel. Further, the appellate court found that the husband relied upon this representation made by the wife and had refrained from presenting evidence on the issue of spousal support at trial. Due to this reliance, as well as the wife's withdrawal of her request at trial, the appellate court concluded that the trial court abused its discretion in awarding spousal support to the wife. *Id.* at ¶ 19.

**{¶ 20}** In its analysis, the Eleventh District distinguished its facts from those presented in *Riegel. Id.* at ¶ 18. First, the court in *Pomeroy* concluded the appellant in its case made a more "specific withdrawal" than the spouse in *Riegel. Pomeroy* at ¶ 18. In *Riegel*, the Third District upheld a trial court's spousal support award to the husband despite his counsel's statement to the trial court that, "Oh, no, no. He's not asking for spousal support from [his wife]." *Riegel* at *3, fn. 1.

**{¶ 21}** Second, the court in *Pomeroy* held that the appellant before it acted "in reliance on appellee's statements to the court, [when he] did not present evidence on the issue of spousal support." *Pomeroy* at ¶ 18.

**{¶ 22}** This court agrees with the Eleventh District's *Pomeroy* analysis. That is, if a party to a divorce proceeding initially requests spousal support but later withdraws his or her request, and the other party relies upon this withdrawal, the trial court no longer has the statutory authority to award spousal support under R.C. 3105.18(B). If the trial court does so, it makes an error in law. If that error harmed a party, the court's decision must

be reversed.

{¶ 23} Here, Daniel withdrew his request and Nicholas relied upon that withdrawal. Therefore, the trial court committed an error of law when it ordered Nicholas to pay Daniel spousal support.

{¶ 24} First—withdrawal. Daniel's testimony at the final hearing constituted a specific withdrawal of his request for spousal support. Daniel unequivocally agreed during his testimony that he did not want spousal support, was not seeking spousal support from Nicholas, and was aware that the court could not, by law, issue a spousal support award in his favor "down the road." Indeed, Daniel submitted the proposed judgment entry and decree of divorce as evidence onto the record; this evidence supports Daniel's testimony that he was not asking the court to award him spousal support. Such evidence establishes that Daniel specifically withdrew his prior request for spousal support.

{¶ 25} Second—reliance. Nicholas' presentation of his case demonstrates he relied on Daniel's withdrawal of his request for spousal support. After Daniel's direct examination, during which he withdrew his request for spousal support, Nicholas proceeded to cross-examine Daniel. Prior to conducting his cross-examination of Daniel, the parties and the trial court discussed the issues remaining in dispute. At that time, Nicholas and Daniel's counsel agreed that the outstanding issues were limited to "what's owed on the Ford, the 2017 Ford, the issue of the 2019 Grom, the business bank account, the debts, five, six, seven, and eight, the IRS debts, and taxes, and court costs." Notably, spousal support was not identified as an outstanding issue at that time. This discussion, as well Daniel's testimony and the terms of the proposed decree, supports Nicholas' argument that Daniel was not seeking spousal support at the time of the hearing. Nicholas did not elicit testimony from Daniel or otherwise present evidence concerning any factors that could impact a spousal support award—this demonstrates Nicholas'

reliance on Daniel's assertion he was not seeking support.

**{¶ 26}** This court acknowledges the complicated nature of this case, the longevity of these proceedings, that the support award was nominal on its face and linked to the full and timely payment of the equalization payment, and that the trial court considered the spousal support factors in R.C. 3105.18(C). However, the trial court did not have the statutory authority under R.C. 3105.18(B) to issue an award of spousal support to Daniel. Daniel withdrew his request and Nicholas relied upon that withdrawal; Daniel did not have a request for support before the court. The relevant statute only permits the trial court to award support "upon the request of either party." R.C. 3105.18(B). Therefore, the trial court committed an error of law when it ordered Nicholas to pay Daniel spousal support. The court's error was not harmless because Nicholas was ordered to pay Daniel support that he would not otherwise have been required to pay.

**{¶ 27}** Because the trial court made an error of law under the relevant statute's language and that error was not harmless, it abused its discretion by ordering Nicholas to pay spousal support to Daniel.[1] We sustain Nicholas' assignment of error.

**{¶ 28}** Judgment reversed and remanded with instructions for the trial court to vacate its award of spousal support.

BYRNE, P.J., and M. POWELL, J., concur.

---

1. Nicholas also asserts the trial court "erred in a direct violation of the Fourteenth Amendment to the United States Constitution [and] the right to due process of law..." "[C]ourts do not decide constitutional questions unless it is necessary to do so. *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 2. Since this court decided this appeal based upon non-constitutional grounds, we do not address Nicholas' constitutional assertions.