[Cite as *McCarty v. McCarty*, 2017-Ohio-5852.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| MAUREEN MCCARTY, | : | |
| | | CASE NOS. CA2016-07-055 |
| Plaintiff-Appellant/Cross-Appellee, | : | CA2016-07-056 |
| | : | O P I N I O N |
| - vs - | | 7/17/2017 |
| | : | |
| JEFFREY MCCARTY, | : | |
| Defendant-Appellee/Cross-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 14DR37051

Buechner Haffer Meyers & Koenig Co., LPA, Robert J. Meyers, 105 East Fourth Street, Suite 300, Cincinnati, Ohio 45202, for appellant/cross-appellee

John D. Smith Co., LPA, John D. Smith, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for appellee/cross-appellant

**PIPER, J.**

{¶ 1} Plaintiff-appellant/cross-appellee, Maureen McCarty ("Wife"), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, reducing her spousal support and setting other terms regarding her divorce from defendant-appellee/cross-appellant, Jeffrey McCarty ("Husband"). Husband also appeals several aspects of the trial court's decision.

**{¶ 2}** Husband and Wife married in 1987, and separated in 2014. They had three children born issue of the marriage, all of whom are now emancipated. During the marriage, Wife cared for the children, and did not work outside the home. She did, however assist in renting properties, and managing properties she and Husband acquired to "flip." Husband is a 90 percent owner of Kings Grill, Inc. ("KGI"), which includes operation of a bar. Husband is also a 50 percent owner of a construction company, McCarty Brothers, Inc. ("MBI"), which he owns with his son. Among other endeavors, Husband worked with Wife during the marriage to manage or flip properties they owned.

**{¶ 3}** After the parties separated, Wife moved into one of the houses the parties owned and rented. Wife did not pay rent on the property, which otherwise had a usual rental income of $2,000 per month. Husband stayed in the marital residence, which had a fair market value of $850,000 at the time of the divorce. While both parties expressed interest in keeping the home after the divorce, a magistrate ordered the property sold and the proceeds split.

**{¶ 4}** After separating, the parties reached some agreement on the division of the rental properties and other assets, yet several issues had to be litigated before a magistrate. One such contested issue was spousal support. Initially, the magistrate ordered Husband to pay Wife temporary spousal support of $4,500 per month, which included $1,700 per month to pay for Wife's housing. This temporary order was effective as of October 1, 2014. However, and approximately a year later, the magistrate issued a final decision on the divorce, and decreased the amount of spousal support to $3,000 per month.

**{¶ 5}** Wife argued during the hearing that she was the better party to maintain the marital home for the purposes of sale, and that she should be permitted to reside there instead of Husband. The magistrate agreed that Wife was the better party to maintain the home given her experience in staging properties for sale. As such, the magistrate ordered

Husband to vacate the marital home so that Wife could move back in.

{¶ 6} Another contested issue was the value to be attributed to the businesses, as well as whether certain property was owned by Husband or his businesses for purposes of property division. The magistrate determined that the properties in question were owned by Husband, and thus were marital property subject to division. The magistrate also accepted values and evidence submitted by Wife's expert regarding the value of Husband's business ventures.

{¶ 7} Husband and Wife each filed objections to the magistrate's decision. In one of his objections, Husband argued that the magistrate erred by setting spousal support based on an improper determination of Husband's income, failing to impute income to Wife, and including rental amounts as income when Husband did not fully own the properties. Husband specifically argued that he did not fully own KGI and MBI, and therefore, the income for those businesses should not be credited to him at 100 percent. The trial court sustained Husband's objection on this point and reduced Wife's spousal support to $2,000 per month. The trial court made the $2,000 spousal support order retroactive to October 1, 2014 because that was the date of the original spousal support order. The trial court also reduced Husband's monthly support obligation to $750 until his overpayment of approximately $31,000 in spousal support was recouped.

{¶ 8} Husband also objected to the magistrate's decision removing him from the marital home so that Wife could move back in. The trial court sustained Husband's objection, finding that Husband was entitled to stay in the marital home until it sold.

{¶ 9} Wife now appeals the trial court's orders decreasing her spousal support and allowing Husband to reside in the marital home. Husband also appeals several issues regarding the trial court's decision, which will be addressed in turn.

**General Law**

{¶ 10}   Property division in a divorce proceeding is a two-step process that is subject to two different standards of review.  *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 11.  Pursuant to R.C. 3105.171(B), the first step is for the court to "determine what constitutes marital property and what constitutes separate property" or what constitutes marital debt.  *Cooper v. Cooper*, 12th Dist. Clermont No. CA2013-02-017, 2013-Ohio-4433, ¶ 13.  An appellate court reviews the trial court's classification of property or debt as marital or separate under the manifest weight of the evidence standard.  *Oliver v. Oliver*, 12th Dist. Butler No. CA2011-01-004, 2011-Ohio-6345, ¶ 8.

{¶ 11}   Manifest weight "concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."  *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 36.  In a manifest weight analysis, the reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.  *Id.*  "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."  *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 21.

{¶ 12}   The trial court is given broad discretion in fashioning a property or debt division and will not be reversed absent an abuse of discretion.  *Williams v. Williams*, 12th Dist. Warren No. CA2012-08-074, 2013-Ohio-3318, ¶ 54.  More than mere error of judgment, an abuse of discretion requires that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**Wife's Assignments of Error**

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED IN RETROACTIVELY MODIFYING WIFE'S SPOUSAL SUPPORT AWARD FROM $3,000 PER MONTH TO $2,000 PER MONTH.

{¶ 15} Wife argues in her first assignment of error that the trial court erred in modifying her spousal support from $3,000 to $2,000 per month and making it retroactive to October 1, 2014.

{¶ 16} According to R.C. 3105.18(B), a trial court determines whether to award spousal support, as well as the amount and duration of such an award. A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and a trial court's award of spousal support will not be disturbed absent an abuse of discretion. *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 10.

{¶ 17} A trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis*. According to R.C. 3105.18(C)(1), "the court shall consider" the statutory factors, such as income of the parties, earning abilities of the parties, ages, duration of marriage, standard of living, education of parties, and assets.

{¶ 18} Wife asserts that the trial court's decision lowering her spousal support is an abuse of discretion for multiple reasons, including: (1) the trial court failed to account for the fact that Wife is not receiving any income from the rental property in which she is living, (2) the trial court failed to consider the statutory factors before ordering $2,000 as support, and (3) the magistrate's decision already took into account that Husband did not own 100 percent of the two businesses.

{¶ 19} The property in which Wife currently lives was allocated to her in the divorce.

Normally, the property would rent for $2,000 per month, but because Wife is living in it, she is not receiving that income. The trial court, however, did not indicate that it took Wife's lack of income from the property into account when making its determination. Nor did the trial court provide any indication that it considered the other statutory factors. The court simply stated that Husband is not a 100 percent owner of either KGI or MBI so that the spousal support order would be reduced. In full, the trial court's entry sustaining Husband's objection to the magistrate's spousal support order states, "it is clear that Husband controls all income and distributions from these entities. However, it appears distributions are made pursuant to the aforesaid percentages. The Court reduces the spousal support payment to $2,000 per month."

{¶ 20} No other mention of the statutory factors is included in the trial court's decision on objections. Conversely, the magistrate's decision addressed and analyzed each of the statutory factors, and clearly recognized that Husband did not have a 100 percent ownership interest in the two companies. Specifically, and when discussing spousal support, the magistrate fully recognized that Husband owns 90 percent of KGI. The magistrate also recognized within the written decision that Husband is a 50 percent owner of MBI.

{¶ 21} Thus, we find that the trial court abused its discretion in lowering Wife's spousal support based solely on the fact that Husband was not a full owner of KGI or MBI. Husband's partial ownership of the two businesses was the *sole* reason given by the trial court for reducing Wife's spousal support, yet the magistrate had already taken those facts into consideration. As such, we reverse the decision of the trial court in reducing Wife's spousal support.

{¶ 22} Regarding the retroactivity date, the trial court ordered that the reduction in spousal support be retroactive to October 1, 2014, and reasoned that Wife did not have to pay rent since that date because she lived in one of the properties owned by the parties. We

find no abuse of discretion in the trial court's decision to order the date of spousal support as of October 1, 2014. The record indicates, and Wife does not dispute, that she has not paid any rent since the time of her separation from Husband, as she had lived in a rental property owned by the parties.

{¶ 23} Once Wife's spousal support is reinstated to $3,000 per month, such shall be retroactive to October 1, 2014 as originally ordered by the magistrate and later by the trial court.

{¶ 24} After a review of the record, we sustain Wife's assignment of error to the extent that we find the trial court abused its discretion in lowering her spousal support. We also overrule Wife's assignment of error to the extent that the trial court did not abuse its discretion in setting the effective date of the spousal support at October 1, 2014. We therefore modify Wife's spousal support by reinstating the previous award of $3,000 per month, effective as of October 1, 2014, and remand this matter for a determination, if necessary, of any arrearages.

{¶ 25} Assignment of Error No. 2:

{¶ 26} THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY PERMITTING HUSBAND TO CONTINUE TO USE AND OCCUPY THE MARITAL RESIDENCE * * *.

{¶ 27} Wife argues in her second assignment of error that the trial court abused its discretion by allowing Husband to maintain residence in the marital home.

{¶ 28} The record indicates that the trial court may have been subject to a misunderstanding that the marital home was pending sale at the time of the proceedings, which it was not. Instead, Husband has lived in the home for almost three years, and it had not sold as of the time of this appeal. Wife argues that she is in a better position to sell the home given her expertise in staging homes and working toward the sale of properties.

{¶ 29} The trial court determined that Husband could continue to live in the marital home because Wife's staging ability was "not a sufficient reason for Husband to have to vacate." Instead, the court reasoned that a realtor's responsibility included showing the property in the best light, and that owners are not typically present at such showings. Moreover, the trial court noted that if Husband failed to cooperate with the realtor or negatively affects the sale of the house, it would revisit the issue.

{¶ 30} After reviewing the record, and even if the trial court was under a misapprehension that the marital residence was about to be sold, we find no abuse of discretion in allowing Husband to reside in the home. The record indicates that Wife resides in a comfortable home that she now owns, and that the order of the court still stands that the marital residence is to be sold and the proceeds divided. The trial court also expressed a willingness to revisit this issue should a sale not be forthcoming. We see no reason to disturb the trial court's current ruling that Husband can reside at the marital residence until a sale takes place. As such, Wife's second assignment of error is overruled.

## Husband's Cross-Assignments of Error

{¶ 31} Cross-Assignment of Error No. 1:

{¶ 32} THE TRIAL COURT ERRED IN DETERMINING ITS AWARD OF SPOUSAL SUPPORT.

{¶ 33} Husband argues in his first cross-assignment that the trial court erred in determining spousal support because it based its award on income that included rental income from assets for which value was already paid, thus constituting "double dipping."

## Double Dipping

{¶ 34} This court has defined double dipping as double counting of a marital asset, once in the property division and again in the spousal support award. *Corwin v. Corwin*, 12th Dist. Warren Nos. CA2013-01-005 and CA2013-02-012, 2013-Ohio-3996, ¶ 50. More

specifically, a double dip occurs where a court uses a business owner's "excess earnings" to value the interest in the business and also fixes support on that spouse's total income (inclusive of the excess earnings used to value the business). *Id.* "Utilizing the same stream of income that forms the basis of valuing a business when calculating spousal support provides the nonowning spouse with the benefit from the same stream of income twice." *Id.*

{¶ 35} After reviewing the record, we find that the trial court's order did not constitute double dipping. The record indicates that the trial court's valuation of assets was not income-based, and instead, included the asset valuation method proposed by expert testimony. The trial court was in the best position to address the issues raised by the parties' experts, and determined the proper valuation method as asset valuation, rather than future income.

{¶ 36} Moreover, Husband retained his own rental income and has income from other sources, such as profits from KGI and MBI. As such, his claim that he will actually lose money as a result of the double dipping is not supported by the record.

### Imputing Income to Wife

{¶ 37} Husband also contends that the trial court erred in not imputing income to Wife. Husband's expert testified that Wife could earn $36,720 per year, and Wife admitted that she could earn $16,640 per year. However, the trial court did not impute any income to Wife because it found that Wife would earn more by managing the rental properties she received in the divorce order. The trial court also found Husband could earn more money than Wife, given his other businesses, as well as his history for engaging in creative money-making endeavors.[1]

{¶ 38} After reviewing the record, we find no abuse of discretion in the trial court's

---

1. The record indicates that Husband was able to earn in ways other than drawing a salary, such as bartering services. The magistrate was very complimentary of Husband's ability to manage money and amass financial resources.

decision not to impute income to Wife, and in finding that double dipping had not occurred. As such, Husband's first cross-assignment of error is overruled.

{¶ 39} Cross-Assignment of Error No. 2:

{¶ 40} THE TRIAL COURT ERRED IN VALUING KINGS GRILL, INC.

{¶ 41} Husband argues in his second cross-assignment of error that the trial court erred in valuing KGI.

{¶ 42} The magistrate determined that KGI's value was $298,000 based on testimony and calculations from Wife's expert. The magistrate then credited Husband with $50,000 of separate property because Husband presented evidence that the land on which the business is built was his separate property and was worth $50,000. The magistrate thus valued KGI at $248,000 and ordered Husband to pay half of that interest to Wife.

{¶ 43} Husband objected, and argued that KGI was his separate property entirely because it was owned before the marriage. However, the trial court overruled the objection, and found that the business was not separate property because (1) Husband's testimony on cross-examination did not support his earlier contention that he fully owned the bar before marriage, (2) evidence was "clear" that Husband did not receive title to the property until after the marriage, and (3) the business value appreciated during the marriage because Husband's work there increased its value.

{¶ 44} We find that the court's decision is supported by the record and was not rendered against the manifest weight of the evidence. First, Husband's testimony did not establish complete ownership before the marriage. Specifically, during Husband's cross-examination, Wife asked about a $20,000 debt remaining on the bar. Wife asked when the debt was satisfied, but Husband could not cite any evidence of the debt being paid before the marriage. Simply stated, Husband did not establish that marital assets were not used to satisfy the debt on the business.

{¶ 45}  Additionally, a sales history of KGI's land shows that Husband took title to the property a year and a half *after* the marriage.  Moreover, the record demonstrates a period of active appreciation of KGI's value during the marriage.  The record clearly establishes that Husband worked at KGI throughout the marriage, adding to the value of the business.

{¶ 46}  While Husband is dissatisfied that the trial court did not adopt the figures suggested by his expert, the trial court was in the best position to judge the credibility of his testimony, as well as the processes of the parties' experts.  Thus, we find no abuse of discretion in utilizing the figures espoused by Wife's expert.

{¶ 47}  After reviewing the record, we find that the trial court did not err in determining that KGI was a marital asset, nor in valuing the business as it did.  As such, Husband's second cross-assignment of error is overruled.

{¶ 48}  Cross-Assignment of Error No. 3:

{¶ 49}  THE TRIAL COURT ERRED IN CALCULATING THE AMOUNT OF CASH ON WIFE'S SIDE OF THE RECONCILIATION BY FAILING TO INCLUDE OVER $50,000 THAT SHE TOOK FROM JOINT FINANCIAL ACCOUNTS SHORTLY BEFORE THE DIVORCE WAS FILED AND WHILE THE DIVORCE WAS PENDING.

{¶ 50}  Husband argues in his third cross-assignment of error that the trial court erred in determining the amount of cash Wife withdrew from joint accounts before and during the pendency of the proceedings.

{¶ 51}  Husband argues that Wife took $132,000 from the parties' joint accounts, and that he should be able to have the full amount reconciled during the division of property.  However, the record indicates that the parties' accounts had over $200,000 and that Husband had control over the funds in the same manner that Wife did.  Wife never contested the fact that she withdrew some of the money to provide for living expenses and legal fees during the divorce, but the trial court noted that Husband also withdraw money from the

accounts for his own use.

{¶ 52} Moreover, the record indicates that the couple agreed to help with expenses for their daughter's wedding, and that Wife wrote a check from a joint-account for that purpose with no objection from Husband. Given the parties mutual withdrawals from the account, we find that the trial court did not abuse its discretion in calculating the amount of money on Wife's side of the reconciliation. Husband's third cross-assignment of error is therefore overruled.

{¶ 53} For ease of discussion, we will combine Husband's fourth and fifth cross-assignments of error, as they are interrelated.

{¶ 54} Cross-Assignment of Error No. 4:

{¶ 55} THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE LOT LOCATED NEXT TO 126 W. MULBERRY IN LEBANON, OHIO IS OWNED BY KINGS GRILL, INC.

{¶ 56} Cross-Assignment of Error No. 5:

{¶ 57} THE TRIAL COURT ERRED IN FAILING TO FIND THAT 117 W. MULBERRY AND 121 W. MULBERRY, BOTH LOCATED IN LEBANON, OHIO, ARE OWNED BY MCCARTY BROTHERS, INC.

{¶ 58} Husband argues in his fourth and fifth cross-assignments of error that the trial court erred in failing to find that certain property was owned by KGI and MBI.

{¶ 59} "The holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property." R.C. 3105.171(H). While the form of the title to property is relevant in determining its classification as marital or separate property, such form is not conclusive. *Nichols-Ross v. Ross*, 12th Dist. Butler No. CA2008-03-090, 2009-Ohio-1723, ¶ 15. Instead, the trial court is in the best position to determine the credibility of the witnesses regarding the manner in which property is actually held. *Id.*

- 12 -

**{¶ 60}** During the hearing, Wife argued that three pieces of property were owned by Husband rather than his businesses. One lot was located next to KGI's bar and used as an outdoor patio space. Husband argues that this lot was fully owned by KGI. However, the magistrate found that Husband, not KGI, was the owner and valued the lot at $10,000. As such, the magistrate ordered Husband to pay half of the total value to Wife. Husband now argues that the lot's value should have been reduced to $9,000 because he owns only 90 percent of KGI.

**{¶ 61}** Husband argued that the other two pieces of property in question were owned by MBI. The magistrate valued the lots at $29,000, and found Husband to be the full owner. Husband now argues that the marital value of the two pieces of property should have been $14,500, rather than $29,000, because he owns only half of McCarty Brothers.

**{¶ 62}** In all instances, the parcels are titled in Husband's name as "trustee," despite the absence of a trust. The magistrate and trial court considered how title to the properties was held, as well as Husband's payment of the expenses of the properties and his control over them, and determined that Husband, rather than his businesses, owned the properties. The trial court specifically observed that Husband "avoids legal requirements of corporations and trusts, but seeks the benefits with none of the detriment." We agree.

**{¶ 63}** The record clearly indicates Husband's purpose of naming himself trustee and placing the properties in his name was to avoid liability and "prevent exposure to the corporation." However, Husband cannot seek to limit the companies' liability with respect to the properties while at the same time claiming that he does not own the land. Moreover, the record clearly indicates that Husband controls both KGI and MBI exclusively, and there is no indication in the record that title to the properties is held by the other owners of KGI or MBI.[2]

---

2. The record indicates that MBI's other owner is the parties' son, who was not yet 18 at the time the company was formed.

As such we find no abuse of discretion in determining the properties were marital.

{¶ 64} The record supports the trial court's finding that Husband is the owner of the properties, rather than KGI and MBI. As such, Husband's fourth and fifth cross-assignments of error are overruled.

{¶ 65} Cross-Assignment of Error No. 6:

{¶ 66} THE TRIAL COURT ERRED IN ORDERING [HUSBAND] TO PAY FEES FOR [WIFE'S] EXPERT.

{¶ 67} Husband argues in his sixth cross-assignment of error that the trial court erred in ordering him to pay a portion of Wife's expert fees.

{¶ 68} The record indicates that Husband's expert used valuation reports created by Wife's expert and adopted the same numbers in his own determination of KGI's value. The only change that Husband's expert applied to the numbers was a different discount percentage.

{¶ 69} Husband argues that Wife's invoices do not explain for what work she is being charged, and that no paperwork established how much of the fees were directly related to the expert's valuation of KGI and MBI. Even so, the record contained the full invoice, and the trial court determined that Wife's expert was responsible for forming the foundation upon which both experts relied when determining KGI's value. The total amount billed was $18,000, and the magistrate ordered Husband to pay $15,000 of the fees. However, the trial court determined that Husband owed only half of the fees because Wife relied on the information from her expert, and was responsible for paying her share. As such, the trial court ordered Husband to pay half of the fees, or $9,000.

{¶ 70} We find no abuse of discretion in the trial court's order because the record clearly indicates that Husband used the information Wife's expert produced, and that his own expert used the work product of Wife's expert. The trial court reviewed the invoices, and

- 14 -

determined what Husband should pay, and we find no error in this conclusion. Husband's final cross-assignment of error, is therefore, overruled.

{¶ 71} Judgment reversed in part to the extent that the previous $3,000 per month spousal support award is reinstated, affirmed in part, and remanded for further proceedings consistent with this Opinion.

S. POWELL, P.J., and RINGLAND, J., concur.