[Cite as *Davis v. Davis*, 2018-Ohio-4935.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| KIM M. DAVIS, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-01-018 |
| | : | O P I N I O N |
| - vs - | | 12/10/2018 |
| | : | |
| THEODORE K. DAVIS, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR13-12-1277

The Lampe Law Office, LLC, M. Lynn Lampe, Adam C. Gedling, 9277 Centre Point Drive, Suite 100, West Chester, Ohio 45069, for plaintiff-appellee

Family First Law Offices, Mark C. Eppley, 337 York Street, Newport, KY 41071, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Theodore Davis ("Husband"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, following a post-decree petition involving his divorce from plaintiff-appellee, Kim Davis ("Wife"). For the reasons detailed below, we affirm.

{¶ 2} Husband and Wife married for the second time on August 7, 2002. Wife filed

for divorce on December 17, 2013. The matter proceeded to a final contested divorce hearing. Following the hearing, the trial court ordered Husband to pay Wife spousal support in the amount of $2,100 per month.

{¶ 3} Husband has filed numerous post-decree motions. In 2014, Husband and Wife entered into a mediation agreement, which modified the spousal support terms and lowered Husband's spousal support obligation to $1,350 per month. Pursuant to the mediation agreement, both parties authorized the trial court to retain jurisdiction to modify spousal support only under certain conditions:

> Both parties agree that they are barred from filing any motion to modify spousal support and the Court shall retain jurisdiction to modify support only as follows:
>
> a. The other party has a 35% increase or decrease in their permanent base salary as adjusted for inflation from November 1, 2014. If the moving party loses such a motion to modify, the moving party will pay the prevailing party's reasonable attorneys' fees and costs reasonably incurred.

{¶ 4} Both parties have again moved to modify the amount of spousal support that Husband pays Wife. The parties also dispute a portion of the mediation agreement with regard to Husband's life insurance benefit. The matter was heard on a final hearing and the trial court entered the final judgment entry on January 19, 2018. Husband now appeals, raising three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ITS DETERMINATION OF THE AMOUNT AND DURATION OF SPOUSAL SUPPORT.

{¶ 7} In his first assignment of error, Husband argues the trial court erred in its spousal support determination. We disagree.

{¶ 8} A trial court has broad discretion in determining spousal support awards.

- 2 -

*Hutchinson v. Hutchinson*, 12th Dist. Clermont No. CA2009-03-018, 2010-Ohio-597, ¶ 16. A reviewing court will not disturb a spousal support award on appeal absent an abuse of discretion. *Bixler v. Bixler*, 12th Dist. Clermont No. CA2016-12-081, 2017-Ohio-7022, ¶ 15.

{¶ 9} A trial court has a statutory duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis v. Kedanis*, 12th Dist. Butler No. CA2012-01-015, 2012-Ohio-3533, ¶ 8. According to R.C. 3105.18(C)(1), "the court shall consider" the statutory factors, such as income of the parties, earning abilities of the parties, ages, duration of marriage, standard of living, education of parties, and assets. *McCarty v. McCarty*, 12th Dist. Warren Nos. CA2016-07-055 and CA2016-07-056, 2017-Ohio-5852, ¶ 17. A reviewing court will presume each factor was considered, absent evidence to the contrary. *Casper v. Casper*, 12th Dist. Warren Nos. CA2012-12-128 and CA2012-12-129, 2013-Ohio-4329, ¶ 42.

{¶ 10} Husband argues that the trial court should have further reduced or eliminated the spousal support obligation.[1] In his brief, Husband employs liberal use of hyperbole to recharacterize the evidence in his favor. Husband argues that the trial court's decision is "beyond comprehension" and amounts to an attempt to "severely punish and financially cripple" him. Husband further alleges that the trial court's finding "only sounds the alarm on punishment of the [Husband], and defies any financial common sense, logic, rationale, and/or common intelligence."

{¶ 11} However, contrary to Husband's arguments, we find the trial court's decision was not an abuse of discretion. In its decision, the trial court identified the factors contained in R.C. 3105.18 and conducted a thorough analysis of each factor. The trial court found that

---

1. The trial court found that the spousal support order of $1,350 per month remains appropriate. However, the court found that the amount shall be modified to $1,300 per month upon documentation that Husband complied with the orders regarding life insurance.

- 3 -

Husband and Wife were married for 22 years during their first marriage and an additional 11 and one-half years as of the time of filing for the second divorce. During their marriages, Wife stayed home and out of the formal work force to care for the children but had since reentered the workforce. Wife left her employment during periods of reconciliation with Husband. During the second marriage, Wife left employment several times so the two could travel and be "snowbirds" once Husband began receiving his retirement and disability benefits.

{¶ 12} Wife is 56 years old and Husband is 58 years old. Wife is presently working and even continued working through her cancer treatments. However, Wife testified that her employment may be in danger due to her medical treatments. Husband is listed as disabled and receives benefits from several sources. The trial court found that Husband earns $5,431.65 per month of tax-free income from Federal Retirement benefits, Social Security benefits, and Veteran's Administration Disability benefits for a total yearly income of $65,179.80. Wife's 2016 federal income tax statement indicates that she received $43,390 in annual wages that were subject to income tax.

{¶ 13} The trial court also considered Wife's health, including the significant medical bills related to her cancer treatment. Furthermore, the trial court considered the standard of living of both parties. Wife is single and lives in a small trailer that she is making payments to own. Husband is remarried. Though Husband denied receiving any financial assistance from his new wife, the trial court found that his "bank account records and other evidence reflect a lifestyle that is beyond his means without assistance from his wife or an additional source of household income." The trial court cited evidence that Husband recently purchased a new vehicle that he pays $850 per month for and his testimony that he was building a new home with a claimed monthly mortgage of $1,826.

{¶ 14} On appeal, Husband references "blatant errors by the trial court." In particular,

Husband finds it troubling that his income has not increased since the beginning of this case, while Wife's income has increased significantly. Furthermore, Husband argues that the trial court improperly found that he commingled funds with Wife while married to another woman and also improperly "combined" the first marriage and the second marriage in its consideration of the relevant factors. Husband also maintains that the trial court's findings are contradictory to the findings of fact from the parties' dissolution in 2000 and violates "Article IV, Section 1 of the United States Constitution, known as the 'Full Faith and Credit Clause.'"

{¶ 15} However, contrary to Husband's position, the trial court did not abuse its discretion in determining spousal support. In this case, the parties entered into a mediation agreement in 2014 where they agreed on the amount of spousal support. The trial court was not obligated to deviate from the prior spousal support order merely because the trial court retained jurisdiction to modify the obligation. Though Wife's income has increased significantly since that time, the trial court considered all relevant and appropriate factors in concluding that "the amount of spousal support award contained in the parties' Agreed Entry filed on December 12, 2014 in the amount of $1,350/month remains appropriate." Having carefully and thoughtfully considered the trial court's spousal support determination, we find the trial court did not abuse its discretion in its spousal support determination. As a result, we overrule Husband's first assignment of error.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN AWARDING THE PLAINTIFF-APPELLEE THE DEFENDANT-APPELLANT'S FEDERAL EMPLOYEES GROUP LIFE INSURANCE (FEGLI) POLICY THUS VIOLATING BOTH THE POLICY ITSELF AND THE AGREED ENTRY ADOPTING MEDIATION AGREEMENT.

**{¶ 18}** In his second assignment of error, Husband argues the trial court erred by assigning Wife the life insurance benefit. We find no merit to Husband's argument.

**{¶ 19}** As noted above, the parties previously entered into a mediation agreement, which provides:

> Ms. Davis is entitled to 100% of Mr. Davis's life insurance benefits with the Federal Employee Group Life Insurance ("FEGLI"). Mr. Davis will immediately execute a new beneficiary designation form naming Mrs. Davis as sole beneficiary. This is an irrevocable benefit. Mr. Davis will provide proof that the insurance company recognizes that the benefit is irrevocable. Mr. Davis will not cancel, change, cease payment, or in any way change Mrs. Davis' death benefit. Mr. Davis warrants that the policy with FEGLI with a death benefit of $250,000 is still in full effect. The parties will execute all orders or other papers necessary to put this Agreement into full effect.[2]

**{¶ 20}** The trial court found that Husband did not maintain the $250,000 life insurance policy naming Wife as a beneficiary as ordered in the mediation agreement. Based on this failure, as well as Husband's assertion that he could not have Wife as an irrevocable beneficiary without a court order, the trial court ordered Husband to assign the $250,000 policy to Wife within 45 days of the final entry.

**{¶ 21}** On appeal, Husband now argues for the first time that the mediation agreement was never intended to name Wife as the beneficiary of the life insurance policy. Instead, Husband argues that the parties agreed to name his current wife, Mary Jo, as a beneficiary on his life insurance policy. Husband's rationale is that his current wife is technically "Mrs. Davis" and Wife is "Ms. Davis."

**{¶ 22}** Following review, we find Husband's second assignment of error to be without merit. It is "well-established that an appellate court will not consider issues or arguments

---

2. The record is abundantly clear that "Ms. Davis" is a clerical error contained in the mediation agreement, as Wife is referred to as "Mrs. Davis" throughout the entirety of the agreement and the agreed entry clearly refers to agreement between the parties. Husband's new wife was not a party to that litigation.

raised by the parties on appeal that were not raised to or considered by the trial court." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2013-07-065, 2014-Ohio-646, ¶ 30. In this case, Husband failed to raise this argument with the trial court below. In fact, Husband argued the opposite below and alleged that he had designated Wife as the beneficiary of the life insurance policy. Furthermore, we find Husband's argument to be lacking in sincerity and credibility, as the mediation agreement is clearly a settlement between Husband and Wife. Husband's attempt to raise an ambiguity as to the identity of "Ms. Davis" or "Mrs. Davis" is unpersuasive when the identity of the parties is patently clear. As a result, Husband's second assignment of error is overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ERRED IN REACHING ITS DECISION BECAUSE THE MANIFEST WEIGHT OF EVIDENCE CLEARLY FAVORS THE DEFENDANT-APPELLANT.

{¶ 25} In his third assignment of error, Husband argues the trial court's decision was against the "manifest weight of the evidence," as opposed to the appropriate "abuse of discretion" standard cited above. Initially, Husband argues that he was prejudiced because the matter was heard by the trial judge, as opposed to a magistrate. However, contrary to Husband's protests, "[a] trial court has the inherent power to control its own docket and the progress of proceedings in its court." *Chou v. Chou*, 8th Dist. Cuyahoga No. 80611, 2002-Ohio-5335, ¶ 38. In this case, the trial court stated that "[b]ecause of the difficult nature of this case," it heard all remaining litigation instead of the assigned magistrate. This was a matter of court discretion. As a result, Husband's argument to the contrary is without merit.

{¶ 26} Husband's remaining arguments relate to the weight of the evidence and credibility of the witnesses. As this court has stated previously, the trial court, as trier of fact, is in the best position to weigh matters of credibility. *Lykins v. Lykins*, 12th Dist. Clermont Nos. CA2017-06-028 and CA2017-06-032, and 2018-Ohio-2144, ¶ 72. For the reasons

addressed in the first and second assignments of error, those arguments are without merit. The standard of review cited therein is the appropriate standard on appeal. Husband's third assignment of error is overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.